### BILL TANKERSLEY v. THE STATE.

#### No. 3667.    Decided March 20, 1907.

**1.—Theft—Statement of Facts—Diligence—Laches.**

Where upon appeal from a conviction of theft, the appellant secured a twenty day order in which to file bill of exceptions and statement of facts, and upon failure to agree on statement with the State's counsel left the two statements of facts prepared by the parties with the county judge to adopt whichever statement he might see proper, it was encumbent on said judge to prepare and file a statement of facts and appellant was not guilty of laches.

**2.—Same—Statement of Facts Subsequently Filed.**

Where upon appeal, a statement of facts was filed prepared by the county judge, subsequent to the twenty days, within which to file it, as part of the record in the case, and appellant had used diligence, the same will be considered upon appeal.

**3.—Same—Empanelling Jury—Jury Law—Talesmen.**

Where upon trial for theft, a part of the jury impaneled for the week, at the time the case was called, were out engaged in trying another case, and the judge ordered the sheriff to summon talesmen; and pending the testing of these talesmen the jury which was out with the other case returned into court with a verdict, whereupon the court dismissed the jury in the case, discharged the talesmen and placed the regular jury for the week in the box and had a list drawn from them, there was no error.

**4.—Same—Tracks—Foot Prints—Measurement.**

Where upon trial for theft, the witness who traced such foot prints testified that he did not measure the tracks nor see them measured, and that he did not measure the shoes of defendant and his companion which they had on at the time of the offense, and did not know what number of shoes they wore, and there was no peculiarity in the tracks found upon the ground corresponding with shoes known to belong to defendant, or with the tracks known or admitted to have been made by him, it was error to permit the witness to give his opinion as to the similarity of the tracks with those made by defendant, and that he believed he made them.

**5.—Same—Appearance of Tracks—Opinion of Witness.**

Upon trial for theft where the State's witness traced certain foot prints from his cotton pile to defendant's house, he should have been permitted to state this fact and the appearance and size of said tracks, and also the size of the shoes he had seen defendant wear, and the tracks he made with them, but he was not authorized, without measurement of said tracks, etc., to give his opinion that the tracks he traced were made by defendant.

Appeal from the County Court of Eastland. Tried below before the Hon. C. D. Spann.

Appeal from a conviction of theft of cotton under the value of $50; penalty, a fine of $10 and five days imprisonment.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On question of statement of facts by county judge: Code Crim. Proc., art. 824; art. 1379–1380, Rev. Stats.; Bigham v. State, 36 Texas Crim. Rep., 456; Rose's Notes, vol. 5, p. 795; Henderson v. State, 37 Texas Crim. Rep., 79; Napier v. State, 57 S. W. Rep., 649; Nelson v. State, 81 S. W. Rep., 744; Shepherd v. State, 9 Texas Ct. Rep., 899.

*F. J. McCord,* Assistant Attorney-General, for the State.

### ON MOTION FOR REHEARING.

#### March 20, 1907.

HENDERSON, JUDGE.—This case was affirmed at a previous day of this term. In the orginal opinion we discussed the motion to strike out the statement of facts on the ground that same was not filed in time, and no sufficient diligence was shown, on the part of appellant, to have the same filed. In that opinion we based the holding of the court on the proposition that where the parties representing the State and the defendant failed to agree on a statement of facts, and left the same with the judge, in the absence of an agreement on his part to prepare and file a statement of facts, that it showed a want of diligence on the part of appellant, as, we held, it was his duty in such case to see that the statement of facts was made up and filed in time. On an examination of the authorities, and particularly the case of Bigham v. State, 36 Texas Crim. Rep., 453, which construes the statute on the subject, we find that we were in error. The statute, in such a contingency, makes it the duty of the judge to file the statement of facts. This, it is conceded, the judge did not do within the time allowed by law, though the two statements, one by the State and one by the defendant, were left with him by appellant in ample time to have formulated and filed such statement. This is not like the case of McHenry v. State, 42 Texas Crim. Rep., 542. In that case there was no disagreement between the attorneys as to the statement of facts. We accordingly hold that appellant was not guilty of laches, and that under the circumstances the judge could not deprive him of a statement of facts. We, however, will not reverse the case on that account, but will consider the statement of facts, which was filed subsequent to the twenty days, as part of the record in this case. We understand it to be the rule where there is no statement of facts filed and appellant has used due diligence to procure and have same filed, the case will be reversed. See Napier v. State, 57 S. W. Rep., 649, and Sheppard v. State, 79 S. W. Rep., 316. But where appellant has used diligence and has not procured a statement of facts in time, but the same is filed

after the time, such statement of facts may be considered. We note, in this connection, in motion for rehearing, the affidavit of the county judge trying the case is made a part of the motion, in that the county judge assumes the responsibility for the failure to file said statement of facts within the time allowed by law. We accordingly treat the statement of facts as part of the record in this case.

Appellant questions the action of the court in impanelment of the jury. It seems that a part of the jury impaneled for the week, at the time this case was called, were out engaged in trying another case, and the judge ordered the sheriff to summon six more talesmen so as to make out a list of twelve jurors from which to draw the jury. These six were brought in and tested and found to be qualified, and they, with the other six, were put in the box, and list of jurors drawn, and a copy of the list furnished to each of the parties. About the time they were proceeding to interrogate these jurors, the jury out with the other case returned a verdict into the court, whereupon the court dismissed the jury in this case and discharged the talesmen, and placed the other jurors, being the regular jury for the week, in the box, and had a list of jurors drawn from the box. Appellant objected to this proceeding, claiming that he had a right to a jury which had been drawn as heretofore stated. The court overruled his objections. We hold there was no error in this. The jury for the week was the jury which appellant was really entitled to, and the fact that six were absent and engaged in the trial of another case was the only reason which authorized the court to summon talesmen. When this jury had returned its verdict, the case had not proceeded so far with the jury composed of the talesmen as that the court was not authorized to take the course pursued. There is no question made that the jury secured by appellant was not a fair and impartial jury.

Appellant reserved several bills of exception to the opinions of certain State witnesses as to tracks. We will state the substance of one of those bills, which will serve as a fair statement of the others. The State introduced as a witness R. H. Curry, from whom the seed cotton was alleged to have been stolen. He stated substantially: "I observed very closely the tracks which we followed from my cotton pile, from which my cotton was stolen, to the Scott wagon, and from the wagon to appellant's house, and also tracks from the house to the well, and also noticed the shoes which the Tankersley boys, Bill Tankersley (appellant), and his brother Dow, had on. Bill Tankersley wore rather long slender shoes and Dow had on short stubby shoes. I noticed the tracks made along the route, one was made by a long slender shoe and the other made by a short stubby shoe. I did not measure the tracks, nor see them measured; did not measure the shoes the Tankersley boys had on, and do not know what number of shoes they wear. I suppose there are a number of people in the neighborhood who wear similar shoes to those worn by the Tankersley boys. The tracks we followed, as before stated, lead from the cotton pile in my field to the Scott

wagon in the field, and from there to the Tankersley house. We did not place the shoes worn by appellant or his brother Dow in any of the tracks found by us." On this statement the witness was permitted to give his opinion as to the similarity of the tracks; that is, he stated "In my opinion the Tankersley boys made the tracks around my cotton pile" and gave, as his opinion, that the Tankersley boys made the tracks that they traced. The court in explaining this bill says substantially, as follows: "That the witness stated he observed very closely the tracks which they followed from the cotton pile in the Curry field to the Scott wagon, and from the Scott wagon to the house occupied by Bill Tankersley (the defendant) and Dow Tankersley, and that he also noticed very closely the tracks made from the Tankersley house to the well in the yard, and noticed the shoes which the Tankersley boys had on the Monday morning they tracked them to the house and got the cotton, and that Bill Tankersley, the defendant, had on rather a long slender run-down shoe and Dow Tankersley had on a rather short stubby shoe. The witnesses further stated that they did not measure the tracks of either of defendants themselves or the tracks they traced; did not see the shoes of the defendant fitted in the tracks; did not know the number of the shoes." On this predicate the witness was permitted to state, in his opinion, the Tankersley boys, being the defendant Bill Tankersley, and Dow Tankersley, made the tracks, which they saw at the cotton pile, and which they traced from there to appellant's house. The question presented is, was this testimony admissible? This question has been before this court in a number of cases, and it appears this is the rule: Before a witness can testify or give his opinion as to similarity of tracks found upon the ground and tracks made by appellant, there must be some measurement taken of the tracks or some fitting into the tracks found upon the ground of the shoes of appellant, or there must be some peculiarity in the tracks found upon the ground corresponding with shoes known to belong to appellant, or with the tracks known or admitted to have been made by him. See Grant v. State, 42 Texas Crim. Rep., 274; House v. State, 5 Texas Ct. Rep., 430, and Parker v. State, 10 Texas Ct. Rep., 552. In the latter case the question was discussed and the authorities reviewed. In accordance with the doctrine above announced, we hold that the witness was not authorized to give his opinion as to the similarity of the tracks traced by him with those which, in his opinion would be made by shoes which he saw the defendant wearing on the Monday following. We do not believe that the bill even shows that he saw any tracks made by these shoes; he made no measurement of the tracks found and traced by him from his cotton pile to appellant's house, nor was any measurement made of appellant's shoes; he did not even know the number of the shoes worn by appellant, nor did he give the number of the shoe that would likely have made the tracks he saw, and he noted no peculiarity in regard to the tracks as having been made by a run-down shoe, though he says that appellant's shoes appear to have been

run-down. An opinion given in a matter of this sort is calculated to influence the jury, and before it should be given in evidence, there must be produced some reasonable data from which the witness would be authorized to predicate an opinion with any reasonable degree of certainty. It will be observed that we do not hold that the witness was not competent to state that he traced tracks from his cotton pile to the Tankersley house, and the appearance of these tracks to him; he could state the size of these tracks as they appeared to him, and he could state the size of the shoes he saw appellant wearing, and if he saw any tracks made by appellant, he might describe those tracks, but he was not authorized on the meager data furnished by him to give in evidence his opinion to the jury, as was done, that the tracks made at his cotton pile were appellant's tracks.

The observations we have made with reference to this bill of exceptions, equally apply to all of appellant's bills of exceptions on this subject.

We do not deem it necessary to discuss other assignments, but for the error of the court in admitting the opinions of the witnesses as to tracks, the rehearing is granted, and the judgment reversed and the cause remanded.

*Reversed and remanded.*