George Boyman v. The State.

No. 503.   Decided February 23, 1910.

Rehearing denied April 13, 1910.

**1.—Burglary—Indictment—Precedent.**

Where, in a prosecution for burglary, the indictment followed the precedents, the same was good on motion to quash.

**2.—Same—Charge of Court—Requested Charges.**

Where, upon trial for burglary, the court fairly submitted all the issues raised by the evidence, and also defendant's requested charges, there was no error.

**3.—Same—Evidence—Confessions—Fruit of Crime.**

Where, upon trial of burglary, the confessions of defendant as admitted in evidence were not made under the provisions of the statute, the same were not admissible; yet where such confessions contained a statement of fact that was found thereafter to be true, and led to the recovery of the alleged stolen property, the same were admissible on this ground, and there was no error to show that the defendant handed the key of his trunk to his father and directed him to get and return the goods, which the latter did; it being shown that said father was beyond the jurisdiction of the court.

**4.—Same—Evidence—Tracks—Comparison of Foot Prints.**

Upon trial of burglary, there was no error in admitting testimony that the witness measured certain tracks and compared them with the tracks and shoes of the defendant and his codefendant, and that he noticed the same peculiarity on the shoes that he noticed in the tracks, the witness expressing no opinion as to whether the tracks were made by the defendant or his codefendant. Following Tankersley v. State, 51 Texas Crim. Rep., 170.

**5.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of burglary, the evidence sustained the conviction, the same will not be disturbed.

Appeal from the District Court of Eastland.   Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stubblefield & Patterson,* for appellant.—Cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—George Boyman was indicted in the District Court of Eastland County on the 12th day of July, 1909, charged in three counts with burglary of a storehouse situated, in the town of Gorman, in Eastland County. While this indictment is criticised in the brief of counsel for appellant, it follows precedents quite uniformly approved by this court, and is, we think, sufficient, and there is no occasion to further discuss this matter. On the trial, which was had on the 20th day of July, 1909, appellant was found guilty under the

third count contained in the indictment, and his punishment assessed at confinement in the penitentiary for a period of two years.

The charge of the court fairly submitted all the issues raised in the evidence, and is not criticised or complained of by counsel. In addition to the fair submission given in the general charge, the court gave, at the request of appellant, the following special charges:

"Gentlemen of the jury: Our law provides that a confession made by a defendant while in the custody of an officer shall not be admitted in evidence against such defendant, unless in connection with such confession the defendant makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted property or the instrument with which he states the offense was committed. Such confessions have been introduced in evidence before you, but before you can consider the same for any purpose you must find that the defendant made statements of facts or circumstances, which were afterwards found to be true, which conduced to establish the defendant's guilt, such as the finding of secreted or stolen property. Now, bearing this instruction in mind unless you find that the confession of the defendant, if any, revealed facts or circumstances, which were afterwards found to be true, you will not consider such confession for any purpose.

"Gentlemen of the jury: As to one or more material issues: In this case the State relies for a conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence each fact necessary to establish the guilt of the accused must be proved by competent evidence, beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other hypothesis or conclusions than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused committed the offense."

Practically the grounds upon which reversal is sought relate to the action of the court in admitting certain testimony, which will be hereafter noticed and on the further ground that the evidence is insufficient to sustain the conviction.

1. W. V. Garrett was introduced as a witness by the State, who testified, in substance, that he saw appellant and a codefendant, Thomas Couch, about two o'clock the evening after the burglary, at which time appellant made a statement to him concerning the offense with which he is charged, a part of which was reduced to writing. It appears that at the time this statement was made he was under arrest and in the custody of an officer, and that these statements were not the voluntary statements of the defendant made in the examining trial, and that no complaint had been filed against him at the time the confessions were made. He does state, however, that prior to appellant making the statement he had been warned. So much of the statement as is in writing is as follows:

"Gorman, Texas, 5-19-1909.

"My name is Tom Couch. I came to Gorman about six o'clock, and stayed there until about good dark. I and George Boyman broke a window light in the building just past the Continental Bank, and taken out through the window one dozen large combs, and eight small ones; two small pitchers, and I think we got ten or twelve purses; about two dozen oranges; one bottle of mucilage and five or six pair of men's hose and three or four pair of hose or drawer supporters. We gave Judge Robbins part of the pocketbooks and maybe a comb or two. George Boyman came to town with me and went out with me. Judge Robbins went out with us. He was not with us when we broke the window.

"(Signed) Thomas Couch.
"George Boyman.

"Sworn to and subscribed to before me this the 19th day of May, 1909.

"W. V. Garrett, J. P. Prec. No. 5."

When offered, this testimony was objected to for the following reasons: "It affirmatively appeared that the defendant was under arrest, and in the custody of an officer, and the same was not made by the defendant as a voluntary statement, in an examining court, in accordance with law, and because it affirmatively appears from the said statement, that the said written statement does not show that the defendant was warned, by the person to whom the same was made, first, that the defendant did not have to make any statement at all; second, that any statement made, might be used in evidence against the defendant on the trial of the offense, concerning which the confession is therein made, and because in connection with said confession defendant did not make any statement of facts or circumstances that were thereafter found to be true, which conduce to establish the guilt of the defendant, such as the finding of secreted or stolen property, or the instrument with which the offense was said to have been committed, and because no new facts or circumstances were discovered by reason of the said confession, which were not already known to the parties, to which the confession was made, and because the said statements were highly prejudicial, and the said confession was not taken in conformity with the law." This bill was allowed by the court with the following qualification: "It was shown by the evidence that before the defendant made and signed the confession the following warning was given him, at the instance of the justice who held the court of inquiry, to wit: 'That he did not have to make any statement unless he wanted to, but that if he did make a statement, it could thereafter be used against him.' It was further shown that at the time of making the said confession the defendant stated facts and circumstances which were found to be true, in this, to wit: Defendant stated that he and his codefendant took the articles through a window, that

one of them first tried to cut the putty from around the glass, and the other stated that that took too damn long, and thereupon pushed one of the panes of glass out with his knee, which facts were found to be true; defendant further stated at the time he made said written confession that he and his codefendant got some oranges and lemons from the store burglarized; that the lemons were too sour to eat, but that they eat some of the oranges back of the Eppler Mercantile Company's store, and that if the officers would go back there he would. find the peelings, and this was thereafter found to be true, as the officer did find orange peelings back of said store, and it was shown by the witness that oranges were stolen from Ben F. Little's and also lemons, and more orange peelings were found placed under the steps of a country church situated on the road from Gorman to where the defendants lived, and from which church an officer followed two tracks led toward the home of the defendant· and his codefendant. It was further stated by the defendant that a part of the stolen goods were hid in the brush about half mile from where he lived, and certain articles were found in the brush by an officer, before defendants were arrested, which were identified as having been a portion of the articles taken from the Little store, and just after signing said written confession, George Boyman stated in the presence of his codefendant that a part of the burglarized goods which he got were at home in his trunk, and he then handed his father his trunk key, and thereafter the father of George Boyman and Thomas Couch brought certain articles to Gorman and turned same over to officers, which articles were identified as a portion of the articles stolen from said Ben F. Little's store. In the light of the above circumstances the court considered that it brought the confession within the province of the law governing the introduction of written confessions, and permitted the same to be considered by the jury. With the foregoing qualifications the bill is approved and ordered filed as a part of the record in this case."

It is evident that this confession was not admissible as a written confession made under our statute. Robertson v. State, 54 Texas Crim. Rep., 21; Young v. State, 54 Texas Crim. Rep., 417; Brown v. State, 55 Texas Crim. Rep., 572, 118 S. W. Rep., 129, since it did not recite the fact of the warning in the language provided by law, nor give the name of the person by whom such warning was given, or contain the statement that it could be used on the trial of the case, and if admissible at all, it must be upon the ground, in substance, that the confession contained statement of facts that were found thereafter to be true, and which conduced to establish the guilt of appellant, such as the finding of secreted or stolen property. In the explanation of the court to another bill of exceptions touching certain verbal declarations of appellant, the court further certifies that it was proven: "That during the time of the making of the confession, the defendant stated that the remainder of the stolen goods were at home in his trunk, and he thereupon gave to his father the key to his trunk, and directed him

to go and get the goods. This was some time in the afternoon, and later in the afternoon the father of this defendant, together with. the father of the codefendant, returned and delivered to the witness Strickland the sack of goods exhibited in evidence, and which said goods were identified by the witness Miss Manning as a part of .the goods that were taken from the store on the night of the burglary."

It is undenied that a number of oranges were taken from the burglarized store. In his statement appellant said that they would find the rinds of some of these oranges behind a certain store. This statement was verified by finding them as it was stated they would be found. There was some proof further that at the time of the burglary there were no oranges in Gorman except those kept by Little, owner of the store burglarized. If this confirmation of the confession stood alone, while it might not affect its admissibility, it must be confessed that it would be but slight confirmation of its truth, since what was found would be of a character that might easily be accounted for aside from any burglary. We attach more importance, however, to the fact of appellant's statement and confession that a part of the goods were in his trunk, and would be found there, and by the delivery of the key to his trunk to his father with the direction to him to go and get the goods, and of the fact that his father did, on the same day, produce a portion of the stolen articles. It was shown in the evidence further that appellant's father had, since the prosecution began, abandoned the country, and he could not, therefore, be produced. There is, however, no sort of suggestion in the record that his father had any complicity in or connection with the burglary. We think, under the circumstances, that where, as in this case, appellant confessed and stated his possession of the goods, and where, in connection with this statement, he delivers the key to his father and directs him to get and return the goods, that a return of same by his father, where, as in this case, the father is beyond the jurisdiction of the court, renders the testimony as admissible as if appellant had in person gone. and secured the goods and in person returned them, and that in no sense is the act of the father, under the circumstances, hearsay or inadmissible as not binding upon appellant.

2. On the trial Newt Mahaney, with permission of the court, testified as follows: "Clarence Sears and I measured some tracks, which we found near the Holiness Church, in the town of Gorman; measured two different tracks near said church. Both tracks seemed like they were something alike—long, sharp toe, and one of them was run down on the heel, and walked sideways. The other track seemed like the toe was worn off, and walked tolerably straight. I saw the shoes that the defendant here, Tom Couch, had on; it was turned over on the side. Boyman's shoe was worn off on the toe to some 'extent. These tracks that I saw were run down at the side and worn off at the toe. I noticed that same discrepancy about each one of the footprints from the church on to where I left the tracks. I could see the same pecul-

iarity about the tracks both going and coming.  They had come in town that evening.  I saw them coming into town.  I noticed that same peculiarity in the tracks in the yard that I spoke of."  This testimony was objected to for the following reasons:  "The said witness had not shown such facts as would authorize the introduction of this testimony:  Because it was the opinion of the witness as to any peculiarity in reference to tracks; because there was no comparison made of the tracks found near the Holiness Church and tracks which were known to have been made by the defendants, or either of them; because it was not proper for the witness to give his opinion in reference to any tracks; because the said evidence was hearsay, prejudicial, and not admissible for any purpose."  It will be noticed by an inspection of the testimony objected to that the witness did not give, and the record affirmatively shows that he did not express any opinion as to whether the tracks measured were or not made by appellant and his codefendant.  He does state the character of the tracks made by the two persons, and he also describes the peculiarities of the shoes worn by these parties.  The facts here are easily distinguishable from those in the case decided by Judge Henderson in Tankersley v. State, 51 Texas Crim. Rep., 170.  In that case the witness was permitted to give and state his opinion that Tankersley made the tracks around his cotton pile.  In passing on the question Judge Henderson says:  "Before a witness can testify or give his opinion as to similarity of tracks found upon the ground and tracks made by appellant, there must be some measurement taken of the tracks or some fitting into the tracks found upon the ground of the shoes of appellant, or there must be some peculiarity in the tracks found upon the ground corresponding with shoes known to belong to appellant, or with the tracks known or admitted to have been made by him."  In this case the witness expressly states that the tracks were measured; he describes the peculiarities of the shoes worn by appellant.  The admissibility of this testimony is clearly brought within the rule laid down by Judge Henderson in Tankersley v. State, supra.

3.  We think that the evidence is not only sufficient to sustain the verdict, but is absolutely overwhelming and conclusive on the proposition of appellant's guilt.  So believing, and concluding that there is no error in any ruling of the court below, it follows that the judgment of conviction must be affirmed as is now done.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]