Pearl Mueller v. The State.

No. 5259.   Decided May 21, 1919.

Denied October 8, 1919.

1.—Theft of Cattle—Evidence—Tracks—Opinion of Witness.

Where, upon trial of theft of cattle, the defendant complained that the court erred in permitting State's witnesses to testify that the horse tracks which accompanied the tracks of the alleged stolen cattle were identical in size, shape and appearance with the tracks made by the horses of the defendant, in the presence of said witnesses, but the record showed that the witnesses first described the said horse tracks and showed their peculiarity, etc., there was no reversible error. Following Parker v. State, 46 Texas Crim. Rep. 461, and other cases. And it was not necessary for the witnesses to have qualified as experts. Following Thompson v. State, 45 Texas Crim. Rep., 397.

2.—Same—Evidence—Other Transactions—Res Gestæ—Rebuttal.

Upon trial of theft of cattle, there was no error in admitting evidence that other cattle found in the field with those alleged to have been stolen, also belonged to the owner of said alleged stolen cattle, and had been taken a short time prior to the time alleged in the instant case; the defendant claiming that all these cattle were raised by defendant's brother-in-law and sold to defendant, etc.

3.—Same—Charge of Court—Limiting—Testimony—Weight of Evidence.

Where, upon trial of theft of cattle, testimony was introduced by the State that other cattle than those alleged in the indictment were taken, at about the same time and place, the court properly instructed the jury limiting the same to a question of identity, intent and res gestæ, and such a charge was not on the weight of the evidence. Following Carter v. State, 23 Texas Crim. App., 508, and other cases.

4.—Same—Rule Stated—Limiting Testimony.

The rule is that the charge of the court must be so worded as to point out specifically the evidence which the court is so limiting, and that, without trespassing on the rule against expressing the court's opinion as to the weight of such testimony, and where the court's charge in the instant case complied with this rule, there was no reversible error. Following Hemphill v. State, 72 Texas Crim. Rep., 638, and other cases.

5.—Same—Charge of Court—Weight of Evidence.

It is proper for the court to assume as true, any fact which is not controverted, and where the court's charge states that the State had introduced evidence that other cattle were taken and said statement was borne out by the undisputed evidence, the same was not a charge on the weight of the evidence. Distinguishing Cortez v. State, 74 S. W. Rep., 907; Cavaness v. State, 45 Texas Crim. Rep., 209.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of cattle, the evidence sustained the conviction under a proper charge of the court there was no reversible error.

7.—Same—Rehearing—Weight of Evidence.

Where, upon trial of theft of cattle, the State had introduced evidence that other cattle than those alleged in the indictment were taken, at about the same time and place, and the court instructed the jury that they could

only consider such testimony to establish identity, the res gestæ of the offense, or to prove the guilt of the accused by circumstances connected with the theft, or to show intent, and for no other purpose and that they could not convict defendant for the theft of any property than that named in the indictment, there was no reversible error. Citing Dunn v. State, 43 Texas Crim. Rep., 25, and other cases.

**8.—Same—Evidence—Tracks—Opinion of Witness—Rehearing—Rule Stated.**

The rule is in this and other States that a witness who has detailed peculiarities in the tracks on the ground which correspond with the proven or admitted tracks, the witness may give his opinion as to the similarity of the tracks. Following Crumes v. State, 28 Texas Crim. App., 516, and other cases, and in the instant case measurements of the tracks were not necessary as a predicate.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett, judge.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Walter Morris* and *J. F. Cunningham,* for appellant.—On question of tracks: Parker v. State, 46 Texas Crim. Rep., 461; Tankersley v. State, 51 id., 170; Grant v. State, 67 id., 155; Smith v. State, 45 id., 405; Thompson v. State, 45 id., 397; Boyman v. State, 59 Texas Crim. Rep., 23, 126 S. W. Rep., 1142.

On question of courts charge limiting testimony of other transactions: Santee v. State, 37 S. W. Rep., 436; Hollar v. State, 73 id., 961; Cortez v. State, 74 id., 907; Reese v. State, 44 Texas Crim. Rep., 34; Cavaness v. State, 45 id., 209.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of tracks: Williams v. State, 60 Texas Crim. Rep., 453; Strickland v. State, 71 id., 582; Newton v. State, 65 Texas Crim. Rep., 87, 143 S. W. Rep., 638; Grant v. State, 67 Texas Crim. Rep., 155, 148 S. W. Rep., 760.

On question of rebuttal testimony: Grimes v. State, 64 Texas Crim. Rep., 64; Corbitt v. State, 72 id., 396; Lamb v. State, 75 Texas Crim. Rep., 75, 169 S. W. Rep., 1158; Onstott v. State, 75 Texas Crim. Rep., 72, 170 S. W. Rep., 301.

On question of other offenses: Kelley v. State, 31 Texas Crim. Rep., 211; Burnett v. State, 44 id., 226.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Taylor County of the offense of the theft of cattle and his punishment fixed at confinement in the penitentiary for two years.

The first contention before this court on appeal is that the trial court erred in permitting the witnesses Gilmore and Biggs to testify that the horses' tracks which accompanied the tracks of the alleged stolen cattle from the pasture of the owner to where said cattle

were found, were identical in size, shape and appearance with the horses' tracks made in the presence of said witnesses by horses ridden by appellant and Compton who were charged with the theft. Both said witnesses first described the tracks as seen by them accompanying the said cattle tracks, and also described the tracks as made by the horses ridden by appellant and Compton and were then permitted to state that said tracks were identical in shape, size and appearance. The proof showed that the cattle were taken on Saturday night and were tracked by Gilmore and Biggs the following Monday a distance of ten or twelve miles to where they were found in Compton's field. Tuesday morning following, was the time when appellant and Compton appeared on horseback and the appearance of the tracks of the horses they were riding was observed by the said witnesses who testified to the facts objected to by appellant. The objections were that the tracks had not been measured, that the same showed no usual appearance with reference to the size of the same, that no sufficient predicate was laid by the State by testimony comparing the tracks accompanying the cattle with those of the horses ridden by appellant and Compton, that the tracks were in different locations, and the evidence was immaterial and irrelevant. The trial court appended to his approval of the bill of exceptions complaining of this error, and makes a part of said bill as approved, a question and answer reproduction of what each of these witnesses said on this point, as well as the objections made thereto. The witnesses both swore that they examined the respective tracks closely and that they were the same in appearance, size and shape; that both horses were barefooted; that one was a large track and inclined to be long and it showed that the hoof was worn off until the entire ball of the foot pressed on the ground and packed it, showing the print of the ball of the foot on the ground; that the other was a small track a round track. The front foot as it lifted up would throw the dirt back. The objections to this evidence which was shown by the explanatory question and answer statement appended by the court were that same were but conclusions of the witnesses and that the question calling for said statement were leading and suggestive.

We are not cited to any authorities by the appellant which hold such evidence inadmissible. On the contrary, the rule laid down in the authorities cited seems to be in accord with the doctrine that where there are peculiarities in the tracks which are described; and peculiarities in the admitted and proven tracks, that a witness will be permitted, after testifying to the peculiarities, to give a shorthand rendering of the facts by saying that in his judgment or opinion the tracks are identical. Parker v. State, 46 Texas Crim. Rep., 461, and authorities cited; Williams v. State, 60 Texas Crim. Rep., 453; Newton v. State, 65 Texas Crim. Rep., 87, 143 S. W. Rep., 638.

It is held in Thompson v. State, 45 Texas Crim. Rep., 403; that it is not necessary for a witness to qualify as an expert in order to testify as to similarity in tracks. Where facts are detailed showing the individuality of a particular track in question, and that the admitted or proven track immediately connected with the accused, possessed the same marks or characteristics, the fact that the same was not measured is only an objection to the probative force, and not to the admissibility of the evidence. Measurements depend for their force upon the accuracy and truthfulness of the measures and are by no means the only method of determining the admissibility of evidence of similarity of tracks.

Appellant further contends that the State was erroneously allowed to introduce testimony that other cattle found in the field of Compton with those alleged to have been stolen on the occasion in question also belonged to the owner of said stolen cattle and had been taken a short time prior to the time alleged in the instant case. The appellant accepted his bill of exceptions No. 2 complaining of this matter, with the court's qualification thereon, in substance that all of appellant's witnesses had attempted to prove that said sixteen head of cattle charged in the instant case and the others also, amounting in all to twenty-six or twenty-eight head, were cattle raised by Compton, some of which had been sold by him to appellant, and that none of them had brands recently changed, retraced or burned on them and that said cattle were of the same kind, class and breeding as Compton's cattle, with which, the witnesses so testifying, said they were familiar and had handled and dipped. Further the court says in said explanation that several of the witnesses identified the cattle as being cattle raised by Compton. As rebutting this defensive evidence the court says the State was permitted to prove that in addition to the sixteen head, the theft of which was charged in the instant case, other cattle, with the alleged stolen ones, were also identified as the property of the owner of those most recently stolen. It will also be observed that Henry Compton was a witness for appellant and claimed that he raised the cattle in question and that the same were not stolen by him or by appellant. We think the evidence objected to was admissible to rebut the evidence offered by appellant and above referred to, and that as further admissible for the purpose of showing lack of innocent connection on the part of appellant with the cattle charged in the instant case; and also admissible for the purpose of showing his intent with respect thereto or as developing the *res gestae* or as proving a legitimate chain of circumstances affecting the guilt of the appellant.

Another bill of the appellant was to that portion of the court's charge which limited the effect of the evidence of the taking of the cattle other than those charged in the instant case. The charge objected to is as follows:

"In this case the State has introduced evidence that other cattle

than those alleged in the indictment were taken, at about the same time and place. You are instructed that you can only consider such testimony for the purpose for which it was admitted, that is, to establish the identity in developing the *res gestae* of the alleged offense, or to prove the guilt of the accused by circumstances connected with the theft, if any, or to show the intent with which the defendant acted with respect to the property, for the theft of which he is now on trial, and you will consider it for no other purpose, for you cannot convict the defendant for the theft of any property than that named in the indictment.'' The contention is that this is a charge on the weight of the evidence. It is clear that when evidence of appellant's possession of other recently stolen property appears in the record, it becomes the duty of the trial court to limit the same. Carter v. State, 23 Texas Crim. App., 508; Alexander v. State, 21 Texas Crim. App., 406; House v. State, 16 Texas Crim. App., 25.

It was equally clear that the charge must be so worded as to point out specifically the evidence which the court is so limiting, and that without trespassing on the rule against expressing the court's opinion as to the weight of such testimony. Burrell v. State, 18 Texas, 713; Wright v. State, 41 Texas, 246; Stephenson v. State, 4 Texas Crim. App., 591: Young v. State, 79 S. W. Rep., 34; Hemphill v. State, 72 Texas Crim. Rep., 638.

Nor can it be questioned that it is proper for the court to assume as true, any fact not controverted. The court's charge in the instant case states that the State had introduced evidence ''that other cattle were taken.'' This statement by the court in the charge was borne out by the undisputed evidence. This was not an expression of the opinion of the court as to the legal effect of said evidence, nor an opinion as to the weight of the same. In the cases cited by appellant in support of this contention, the language used by the trial court is not the mere statement of an undisputed fact which is in evidence. In the Cortez case, cited, 74 S. Rep., 907, this was the objectionable language used by the trial court: ''The State has introduced evidence tending to prove the theft of other property, etc.'' So in the Cavaness case, 45 Texas Crim. Rep., 209, cited, and similar language occurs in all the cases referred to in support of this contention. This language just quoted in so clearly an intimation that in the belief of the trial court the effect of the evidence referred to is to prove theft, as to need no comment by us.

But this is not true of the language of the charge in the case at bar. The other complaints as to the court's charge were of matters to which no proper exception was taken and no serious error can be shown. The claim that the evidence is insufficient to support the verdict is not well founded. The cattle were taken on Saturday night from the possession of the owner. Their loss was discovered next morning. On Monday it was found where they left the pasture.

They were tracked without break in the plain trail made by them, into and through various other pastures for a distance of ten or twelve miles and were found in the field of Compton, appellant's brother-in-law and alleged co-conspirator. When found the cattle had freshly changed brands and marks and with them were ten or twelve head of other cattle belonging to the prosecutor which were identified and carried away by him. Two horses' tracks accompanied the fresh cattle trial, one on each side of the same. The peculiarities of said tracks were detailed. The cattle were identified by the owner positively. On the part of the appellant, it was claimed that the cattle in question belonged to Compton and appellant, that Compton had raised them and had sold part of them recently, before this arrest, to appellant. The conflict of the evidence was decided by the jury in favor of the State. That is their province. We do not feel that they acted in such disregard of the facts as to warrant our interference with their verdict.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 15, 1919.

LATTIMORE, JUDGE.—Appellant presents an able motion, asking for a rehearing on two grounds, viz:

(1) That we erred in holding originally that the charge, limiting the purpose for which evidence of the taking of cattle other than those charged in the indictment was admitted was not on the weight of the evidence.

(2) That we erred in holding correct the action of the trial court in overruling appellant's objections to the testimony of the witnesses Gilmore and Biggs as to the identity of certain tracks accompanying the trail of the alleged stolen cattle, with certain other tracks made by horses seen to be ridden by appellant and his brother-in-law, who were indicted for the alleged theft.

Examining said motion, we find certain cases cited as supporting appellant's first contention, to wit: The Counts case, 89 S. W. Rep., 972. by reference to which we find that it is based, without much discussion of the question involved, upon the Stull case, 84 S. W. Rep., 1059. Examining the Stull case, we observe that the objectionable charge therein is as follows:

"The testimony before you of defendant as to his having been charged with another crime or crimes than the one for which he is now on trial, was admitted only for the purpose of going to the credibility of the defendant as a witness, and for no other purpose, and you will consider it for no other purpose whatever."

This Court held that said charge was on the weight of the evi-

dence, because it assumed that defendant had testified that he had been charged with other crimes, when in fact he had not; and because the court told the jury that certain evidence "goes to his credibility." We think this was correctly held to be on the weight of the evidence.

In the Counts case, *supra,* the jury were told by the trial court that certain evidence "was offered and admitted for the purpo: only of impeaching the defendant as a witness in this case; and you will consider said evidence for the purpose for which it was admitted before you, and for no other purpose." The objection to said charge is apparent. It plainly states that the evidence was admitted to show that defendant was untruthful, and that the jury should consider it for that purpose.

Referring again to the charge in the instant case, we note it is exactly what was stated in the Carter case, 23 Texas Crim. App., 508, to be the law, and to be what the court should state to the jury. Judge Willson, in that opinion, holds as follows:

"This being the evidence, the court should have explained in its charge to the jury the purposes of such evidence, that is, that it was admitted for the purpose of establishing identity in developing the *res gestae,* or to prove the guilt of the accsed with theft by circumstances connected with the theft, or to show the intent with which the accused acted with respect to the property for the theft of which he was on trial. (Alexander v. The State, 21 Texas Ct. App. 406), and that they could not convict the accused for the theft of any other horse than that named in the indictment."

This case has been cited frequently. In the Dunn case, 43 Texas Crim. Rep., 25, this Court upheld the following charge, which is almost identical with the one in the instant case:

"You are instructed that you can only consider such evidence and testimony for the purpose for which it was admitted; that is, to establish the identity, in developing *res gestae* of the alleged offense, or to prove the guilt of the accused by circumstances connected with the commission of the offense (if any) for which defendant is on trial, or to show the intent with which defendant acted with respect to the sending or causing to be sent (if he did do so) the instrument described in the indictment. And you will consider such evidence for no other purpose, for you cannot convict defedant for mailing or sending any other instrument or document than the one described in the indictment herein (if he did so.)"

We do not think the objections to this part of the charge of the trial court sound.

Referring to the second objection—that we erred in refusing to sustain appellant's objection to the testimony of the witnesses as to the identity of certain tracks. Three cases are presented and discussed in the motion for rehearing, as holding a doctrine contrary to that announced in our original opinion; to wit: Parker v. State,

46 Texas Crim. Rep., Tankersley v. State, 51 Texas Crim. Rep., 170, and Smith v. State, 45 Texas Crim. Rep., 405. We have carefully examined these cases and do not understand them to hold as contended by appellant. In the Parker case there were two bills of exceptions taken to the testimony as to tracks. One complained that a witness who observed tracks near the place of the homicide and afterward saw defendant with what he believed was a different shoe on, was permitted to say that he believed that the shoe worn by defendant was about the same size as the track he saw. Passing on this bill, our Court, after reviewing, authorities, to which we will later refer, says:

"It occurs to us . . . that the witness Safford did not detail sufficient facts in order to give his opinion to the jury as to the similarity of the tracks made upon the ground and the tracks known to be made by apellant."

The other bill on this point was to the evidence of the witness Edmunds, to the effect that he saw tracks near the scene of the killing, which he described; that he followed said tracks about 110 yards and then lost them, but later picked them up and followed same to a woodland, and that within the 400 yards of the woodland he saw only one or two tracks; that after passing out of the woodland he found one other track fifty or seventy yards from appellant's house. This witness was then permitted to say that the tracks he saw at the other places looked like the tracks he saw near the scene of the homicide, and that he thought they were the same tracks. This evidence was objected to because no measurements were made, and no pecularities detailed, nor a sufficiently definite description of the size and appearance of the several tracks seen at different places given. This bill was explained by the trial court to the effect that while this witness did not measure the tracks, he described their appearance and peculiarities. This Court, in passing upon said bill, upheld the admission of the testimony. The legal attitude of the testimony of the witness Edmunds in that case is exactly the same as that of the witnesses Gilmore and Biggs, in the instant case. These latter described the tracks seen in one place and also tracks seen in another, and after describing their peculiarities, were permitted to say that in their judgment said tracks were identical, which is the holding in the Parker case.

The Tankersley case, *supra*, is less applicable. In that case, the witness, after stating that he saw certain described tracks near where the theft was committed, further stated that he saw the shoes worn by the Tankersleys, which he also described, stating in the same connection, that he supposed there were a number of people in the neighborhood who wore shoes like those worn by the Tankersleys. In this condition of the record, he was permitted to say: "In my opinion, the Tankersley boys made the tracks around my cotton pile . . . and the tracks we traced." This Court held such evidence

23—85 T. C. R.

was inadmissible, and Judge Henderson says: "We do not believe the bill even shows that he (the said witness) saw any tracks made by those shoes. He made no measurements . . . did not know the number of the shoes worn by the defendant or those making the tracks, noted no peculiarity in regard to the tracks as having been made by a run-down shoe, though he says appellant's shoes appeared to have been run down." This Court reasons further in said opinion, and sums up the matter, thus: "He was not authorized on the meager data furnished by him to give in evidence to the jury his opinion that the tracks made at his cotton pile were appellant's tracks."

In Smith's case *supra*, there was no comparison of tracks whatever, the witness saying that the tracks he saw which he took to be defendant's tracks, were made by a number eight or nine shoe, and appeared to be made by a shoe broad across the ball and narrowing toward the toe, and that the heel of the right foot appeared to be worn; that he saw defendant wearing a pair of shoes broad across the ball and narrowing toward the toe, and that the heel of the right shoe was worn off on one side.

After referring to the testimony of other witnesses showing the hardness of the ground at the place, and the number of persons present, and that there were no tracks at all, this Court says:

"It occurs to us that before a witness is authorized to give an opinion on so vital a matter as the similarity of tracks, as a circumstance tending to connect appellant with the offense charged, his testimony should be more certain than it is here."

Each of these cases recognizes the rule that a witness in a particular case may give his opinion as to the similarity of tracks, and none of these cases make the measurement of these tracks a prerequisite to the expression of said opinion. On the contrary, the unbroken line of decisions of this State, and every other State with which we are familiar, hold as is held in the Parker case, the Tankersley case, and others, that a witness who has made measurements of the tracks, and the foot or shoe of the defendant; or who has made some such comparison between the tracks and the shoes of the defendant, as placing the shoe in the tracks; Or who has detailed peculiarities in the tracks on the ground which correspond with the shoes, or with the proven or admitted tracks of the defendant, that in either of these cases or instances the witness may give his opinion as to the similarity of the tracks.—Crumes v. State, 28 App., 516; Goldsmith v. State, 32 Texas Crim. Rep., 112; Baines v. State, 66 S. W. Rep., 847; Gill, 36 Texas Crim. Rep., 589; Kennedy v. State, 19 Texas Crim. App., 618; Angley v. State, 35 Texas Crim. Rep., 427; State v. Morris, 84 N. C., 756; Young v. State, 68 Ala., 569; Murphy v. People, 63 N. Y., 590; and others cited in original opinion.

We do no believe these decisions state the law incorrectly, nor shall we initiate the holding that measurements are necessary as a

predicate to the giving of opinions in evidence of the similarity or identity of tracks. In the instant case both the witnesses were men of much experience in tracking cattle and horses, as appears from the record. Their testimony gave the peculiarities of the tracks seen at the different places, and they were correctly allowed to state thereafter that in their opinion the tracks were the same. The rule obtains in this State in regard to many characters of opinions, that after witnesses have stated the facts upon which the opinions are based, they may be permitted to give in evidence said opinions, their weight being a question for the jury.

The motion for rehearing is overruled.

*Overruled.*