It is our opinion the corrobative evidence is not sufficient to warrant a conviction. Noble v. State, 100 Tex. Cr. R. 404, 273 S. W. 251; Mann v. State, 102 Tex. Cr. R. 34, 276 S. W. 1100; Ross v. State, 104 Tex. Cr. R. 601, 286 S. W. 221; article 718, C. C. P. 1925.

For the reason assigned above, the judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

---

### CARLISLE v. STATE.　(No. 10471.)

Court of Criminal Appeals of Texas.　Jan. 26, 1927.

Rehearing Granted June 24, 1927.

**1. Rape ☞34(3)—Indictment for assault to rape female under 15 years of age held not objectionable as not alleging age under 18.**

Allegation of indictment for assault to rape, that assaulted female was under 15 years of age, *held* not objectionable on ground that it should have alleged she was under 18 years.

**2. Rape ☞39—Testimony of accused's statement to third person short time before assault held admissible, where evidence of assailant's identity was circumstantial.**

Testimony of accused's statement to a third person, indicating intention, shortly before assault to rape, *held* admissible, where evidence of assailant's identity was entirely circumstantial.

**3. Criminal law ☞351(3)—Officers' testimony that defendant fled held admissible, without proof he then knew complaint had been filed.**

Officers' testimony that defendant fled, without proof that he knew complaint for any offense had been filed against him, *held* admissible in prosecution for assault to rape, since flight is a circumstance of guilt.

#### On Motion for Rehearing.

**4. Criminal law ☞419, 420(1)—Testimony concerning tracks held hearsay, where witness had no knowledge of location of place of assault except prosecutrix's statement.**

Testimony concerning tracks at alleged place of assault to rape, and leading therefrom, *held* hearsay and inadmissible where witness had no knowledge except prosecutrix's statement as to where scuffle occurred.

**5. Criminal law ☞453—Witness may not give opinion of similarity of tracks with known tracks of accused, where common standard of measurement was not used and no peculiarity is shown.**

Witness may not express opinion as to similarity of tracks found on ground and tracks known to have been made by accused, where in measuring he did not use same standard of measurement and no peculiarity in the tracks is shown.

**6. Criminal law ☞1169(9)—Error in permitting witness, not qualified, to express opinion comparing tracks with known tracks of accused held reversible.**

Error in permitting witness, not qualified, to express opinion of similarity of tracks on ground with known tracks of accused *held* reversible, where entire evidence of identity of assailant was circumstantial.

**7. Criminal law ☞453—Witness, not qualified to compare tracks with those of accused, held competent to describe them.**

Witness, not qualified to express an opinion of similarity between tracks on ground and known tracks of accused, *held* competent to describe tracks found. leaving jury to own deductions.

Appeal from District Court, Mills County; Lewis H. Jones, Judge.

Pete Carlisle was convicted of assault to rape, and he appeals.　Reversed and remanded.

J. C. Darroch, of Goldthwaite, and Callaway & Callaway, of Comanche, for appellant.

F. P. Bowman, of Goldthwaite, and Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J.　Conviction in district court of Mills county of assault to rape; punishment, 5 years in the penitentiary.

[1] There are six bills of exception and in their discussion will appear enough of the facts.　The indictment is not subject to the attack made upon it; viz., that it stated the age of the assaulted female as being under 15 years, appellant contending that the allegation should have been under 18 years. This is settled against appellant in the cases of Young v. State, 89 Tex. Cr. R. 230, 230 S. W. 416, and Tinker v. State, 95 Tex. Cr. R. 143, 253 S. W. 531.

[2] Robert Jordan, state witness, testified that he was with appellant on the night in question at a schoolhouse where a singing convention was being held; that two girls left the schoolhouse and started toward a toilet some 100 yards distant; that appellant looked after the girls as they went away and said, "That would be a good place to get a piece of tail." The assault occurred very shortly afterward at a point near said toilet to which prosecutrix and another girl had gone.　The learned trial judge appends to the bill of exceptions presenting complaint of this testimony the statement that the evidence as a whole disclosed that reference was had to the two girls in question.　No

---

objection is made to this qualification. The case is one of circumstantial evidence. The assault was made in the nighttime, and no one was able to positively identify the assailant. We are of opinion that the testimony was admissible. Grimes v. State, 64 Tex. Cr. R. 64, 141 'S. W. 261; Massey v. State, 31 Tex. Cr. R. 371, 20 S. W. 758; Warren v. State, 96 Tex. Cr. R. 627, 259 S. W. 575; Bethune v. State, 49 Tex. Cr. R. 166, 90 S. W. 1014.

Bills of exception Nos. 3 and 4 set forth objections to testimony as to similarity of tracks. Prosecutrix testified that while struggling with her assailant his hat fell off, and that he left when parties came running down. Witnesses swear that they saw appellant come back to the place where the girl was and pick up a hat. A Mr. Tolliver said he was shown the place where the struggle occurred, by the girl, and saw on the ground evidences of a wrestle and saw tracks leading from the toilet. Another witness testified that when he heard the little girl scream he ran down there and saw the bulk of some one, who seemed to have on a white shirt, making a circle back toward the road. Tolliver further testified that the next morning he, in company with Constable Savoy, went to the scene and followed the tracks. Mr. Savoy testified that he followed the tracks from the place of the occurrence past the toilet, back east across a fence and toward the road and then back to the place of the trouble. This witness said he measured the tracks with a stick and by comparison with his own shoe. He said that the same day, but later, he saw appellant alone in a car; when appellant observed them, he fled and the officers followed him 5 or 6 miles but stopped because of a blow-out. The witness said that a little later he followed in the direction taken by appellant and found the latter's car in a mud hole in a ditch and saw where he had gotten out of the car and made tracks going over a fence and out through a pasture. He said he measured these tracks with the same stick and by comparison with his shoe, and they were, in his opinion. identical with those observed by him at the place of the assault. The giving of testimony upon the similarity of tracks is discussed' in Mueller v. State, 85 Tex. Cr. R. 346, 215 S. W. 93, and Israel v. State, 89 Tex. Cr. R. 382, 230 S. W. 984, 15 A. L. R. 453, the holdings therein being adverse to appellant's contention. See, also, Williams v. State, 60 Tex. Cr. R. 453, 132 S. W. 346; Boyman v. State, 59 Tex. Cr. R. 23, 126 S. W. 1142; Baines v. State, 43 Tex. Cr. R. 490, 66 S. W. 847. Mr. Tolliver said that the girl showed him the place of the assault, but that for himself he observed the disturbance of the condition of the ground and the tracks. We think neither bill shows error.

[3] Appellant has a bill of exceptions complaining of the testimony of the officers that he fled, the contention seeming to be that it is not shown that he knew a complaint had been filed against him or that he was charged with any offense. Flight is a circumstance of guilt, and the matters set out in the objection, we think, go more to the weight than to the admissibility of the testimony. Appellant cites the case of Steed v. State, 101 Tex. Cr. R. 525, 276 S. W. 281, on the proposition of the inadmissibility of the testimony regarding the similarity of tracks. Said case is based on the case of Smith v. State, 45 Tex. Cr. R. 405, 77 S. W. 453, which was discussed at length in the case of Mueller v. State, supra. The opinion is expressed that said authority is not opposed to what we have here said.

Being unable to agree with the contentions made, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. [4] Appellant challenges the disposition made of questions presented in two of his bills of exception. Bill 4 recites that the witness Milton Tolliver testified, over objection, "that he went out to where the disturbance took place; that he did not know where the disturbance took place except by hearsay; and that he followed tracks from the place of the disturbance the next day around through a field,·back east, and back to the place of the disturbance." The particular objection urged was that such evidence assumed that witness knew where the disturbance or scuffle took place.

Appellant admits, if prosecutrix had testified that she pointed out to Tolliver ·the place where she claimed the assault was made, then, it would have been permissible for him to have testified that at this place so pointed out he observed certain conditions of the ground and tracks leading therefrom and back. Huey y. State, 81 Tex. Cr. R. 554, 197 S. W. 202; Marta v. State, 81 Tex. Cr. R. 135, 193 S. W. 323; Howard v. State, 92 Tex. Cr. R. 221, 242 S. W. 739; Willman v. State, 92 Tex. Cr. R. 77, 242 S. W. 746. He calls attention to the fact, however, that prosecutrix gave no such testimony. The record shows that Tolliver was in the schoolhouse when the assault was made and that he did not hear the alarm given by prosecutrix, but upon being advised of it went outside. He says:

"I went with her (prosecutrix) down to where this disturbance had taken place."

In view of his other testimony, this can only mean that he went to where she told him the assault occurred, for he says:

"I only saw the place on the ground. That place was shown to me by the girl. As to whether I know of my own knowledge that that was the place, will say it couldn't have been anywhere else. I don't know of my own knowledge that that was the place where the scuffle had

taken place, only my eyes showed me that was the place. My eyes showed me there had been some scuffle there; I didn't see the scuffle take place. I don't know except from what she told me that any scuffle had taken place there."

It occurs to us on a closer investigation of the matter that Tolliver's description of the place of the assault and of the tracks leading away from the place and back is based solely on what prosecutrix told him, and, not being connected with the place of the assault by the original testimony of prosecutrix that she pointed it out to him, his testimony is purely hearsay and subject to the objection urged. That it was upon a vital issue in the case cannot be doubted. The case was one depending solely upon circumstantial evidence. Prosecutrix could not identify her assailant and never attempted to do so. She says whoever it was dropped his hat during the scuffle with her. It was the theory of the state that appellant made the assault, lost his hat, and fled from the scene, making the tracks leading away from and in a circuitous route back to the scene of the assault where he recovered his hat. That the tracks mentioned should be definitely and surely located at the point of the assault by positive testimony rather than by hearsay becomes doubly important because Officer Savoy's testimony relative to these tracks is bound to have been based upon Tolliver pointing them out to him.

[5] Appellant further contends there was no sufficient predicate to permit the witness Savoy to express his opinion as to the similarity of tracks known to have been made by appellant on the next day after the assault with the tracks found on the school grounds. In this connection he calls attention to a misconception of the evidence which caused us to say in our original opinion that Savoy measured both sets of tracks with the same stick. In this we were mistaken. In his direct examination Savoy testified about following tracks at the school ground that were supposed to have been made by appellant and says, "I measured those tracks;" then, without giving the result of the measurements or stating how they were made, immediately tells about some tracks which were known to have been made by appellant the next day after the assault, and as to these known tracks says:

"I measured those tracks, those tracks were about the same size as the tracks that I measured on the school grounds earlier in the day. The tracks, * * * compared to the size and shape with those which I traced at the scene of this trouble at the * * * schoolhouse, looked to be the same."

It was evidently upon this predicate alone that the witness was permitted, over objection, to express an opinion as to the similarity of the tracks. On cross-examination, the witness testified that he measured appellant's known tracks only by his (witness') own shoe, that it was about the same size as his own shoe, which was a seven and a half, but was a different shaped shoe. He gave no peculiarity about the tracks, not stating the length or width of it. He measured the length of the track at the schoolhouse with a stick, but did not measure the width of it. He states that it was 11 inches long. The witness did not measure the tracks at the schoolhouse with his own shoe, nor the known tracks of appellant with the stick. It will be seen as between the two sets of tracks the same standard of measurement was not used. Nor is any peculiarity in the tracks shown. The rule stated by Mr. Branch, in his Ann. Tex. P. C. § 141, is as follows:

"Before a witness can give his opinion as to the similarity of tracks found upon the ground and tracks made by the accused, the witness must have made some measurement of the tracks found upon the ground and the foot or shoe of the accused, or made some comparison between tracks found upon the ground and shoes known to be those of the accused such as placing the shoe in tracks on the ground; or if there are peculiarities in the tracks made upon the ground, such as worn places or peculiar tracks, and such places or tracks were found upon or were made by the shoe known to belong to the accused, the witness may detail such facts and may then give his opinion as to the similarity between such tracks."

This proposition is supported by Tankersley v. State, 51 Tex. Cr. R. 170, 101 S. W. 234; Boyman v. State, 59 Tex. Cr. R. 23, 126 S. W. 1142; Smith v. State, 45 Tex. Cr. R. 405, 77 S. W. 453; Ballenger v. State, 63 Tex. Cr. R. 657, 141 S. W. 91; Parker v. State, 46 Tex. Cr. R. 461, 80 S. W. 1008, 108 Am. St. Rep. 1021, 3 Ann. Cas. 893; Mueller v. State, 85 Tex. Cr. R. 346, 215 S. W. 93. Other cases will be found annotated under said section 141.

[6, 7] We conclude that the witness Savoy did not qualify to express his opinion as to the similarity of the tracks, and that it was error prejudicial to appellant for him to do so. The facts stated by the witness seem to bring the case within the rule that a witness, who is not qualified to express an opinion as to the similarity of tracks, may nevertheless testify as to the tracks found upon the ground, where he found them, to what point they led, the size as they appeared to him, and other conditions and circumstances connected therewith. He may also testify as to the size, shape, etc., of any tracks known to have been made by accused, and without giving any opinion of his own leave the jury to draw their own deductions. Branch's Ann. Tex. P. C. § 141. Parker v. State, 46 Tex. Cr. R. 465, 80 S. W. 1008, 108 Am. St. Rep. 1021, 30 Ann. Cas. 893; Boyman v. State, 59 Tex. Cr. R. 23, 126 S. W. 1144; Williams v. State, 60 Tex. Cr. R. 459, 132 S. W. 345.

Because of the matters discussed we have

concluded that appellant's motion for rehearing should be granted, the judgment of affirmance set aside, and the judgment of the trial court now reversed and the cause remanded.