## HALE v. STATE. (No. 12418.)

Court of Criminal Appeals of Texas. May 1, 1929.

Bell & Bell, of Childress, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for murder; punishment, two years in the penitentiary.

The facts in this case, from the state's standpoint, show that appellant and a negro forced the deceased, also a negro, into a car in the town of Paducah, took him to a point not far from the home of Mr. Brigham, about a mile from the courthouse, in the nighttime about 9 or 10 o'clock, shoved him from the car, and both shot him, appellant shooting him in the arm and the negro shooting him in the body. Mr. Brigham was aroused by the cries of deceased, went out to where he found him wallowing on the ground, groaning and crying, found out who he was and that he was working for Mr. Barron, phoned to Mr. Barron, who at once came out to the place. The deceased was presently taken in a car to Mr. Barron's premises, where he died the next day from the effects of the shooting. While at the scene of the shooting he made statements to Mr. Barron and the county attorney. The defensive theory was that of an alibi, and appellant was placed by defense witnesses at his mother's home a good many miles from Paducah at the time of the shooting.

Article 543, C. C. P., requires that an application for continuance shall state the residence of the absent witness, if known, or that his residence is unknown. An application filed in October, which sets out in this regard only that the absent witnesses lived in Cottle county the preceding April, is not sufficient, nor does the application in this case, which is the second application, disclose diligence when its only statement is that the witnesses appeared at the April term in obedience to process and testified in a companion case. Nothing in the application suggests any effort on the part of appellant to have said witnesses recognized, attached, or even notified of the October setting of this case. No attachment or other process was asked for

them when the case was called for trial in October and the absence of the witnesses discovered. Parkerson v. State, 9 Tex. App. 72; Gonzalez v. State, 30 Tex. App. 203, 16 S. W. 978; McGee v. State, 31 Tex. Cr. R. 71, 19 S. W. 764. Nor is there any showing in this second application that appellant had reasonable expectation of procuring the testimony of the absent witnesses at the succeeding term of court. Smith v. State, 22 Tex. App. 316, 3 S. W. 684; Goode v. State, 57 Tex. Cr. R. 220, 123 S. W. 597; Bacon v. State, 61 .Tex. Cr. R. 206, 134 S. W. 690. The application was properly overruled.

■ The testimony of Mr. Brigham showed that he went at once to where he heard the shooting, and found deceased on the ground wounded, and that he at once phoned to Mr. Barron's home, and that the latter came in a very short time. When Barron reached deceased he was wallowing on the ground and groaning. Mr. Barron had only come about a mile. He testified that in 10 or 15 minutes after reaching the place deceased told him that Compress Shorty, a negro, and the white man whom Mr. Payne had locked up for being in bed with a negro woman were the ones who shot him. The statement was res gestæ and provable, and, if we understand the record, was not objected to. Nami v. State, 97 Tex. Cr. R. 522, 263 S. W. 595; Johnson v. State, 95 Tex. Cr. R. 269, 252 S. W. 554; Freeman v. State, 91 Tex. Cr. R. 410, 239 S. W. 969.

■■ Complaint is made of the reception in evidence of a statement made by deceased about 2:30 p. m. on the day after the night he was shot, and a few hours before his death; this statement being introduced by the state as a dying declaration. We fail to perceive any reason why the correctness of this trial should have been jeopardized by the introduction of a statement claimed to be a dying declaration, which is almost identical with the former statement made by deceased, and which was admissible as a part of the res gestæ. A dying declaration rests upon a different basis, and requires different proof in order to make it admissible, from a res gestæ statement; and we are not able to bring ourselves to believe that the statement made Monday afternoon, offered as a dying declaration, was preceded by a predicate sufficient to make it admissible as such declaration.

Our statute in regard to dying declarations requires four things to be proved in order to meet the demands. The particular ground asserted by appellant as lacking in this case is that it was not shown that the accused was conscious of approaching death and of the fact that he could not recover. The testimony might have been developed from the doctor or from other people who attended accused from the time of his injury until his death, which might make the declaration admissible. We have held in many cases that it is not necessary that the accused must say that he is not going to live, but that it is sufficient if the facts in evidence demonstrate that such was his belief. While it was shown that he was shot through the body, and that the physician who saw him soon after the shooting testified that he did nothing for him because nothing could be done for him, it is not shown that this fact was communicated to deceased, or that he made any other statement indicative of his belief in this regard, save that he said to Mr. Barron, the witness by whom the dying declaration was proved, that he did not think he could stand it much longer. A statement no stronger than this might be made by almost any person in pain, whether from a mortal wound or the toothache or the earache, or any other imaginable pain. The alleged dying declaration was made about five hours before death, and it should not have been admitted without additional proof showing that deceased knew or believed he was going to die. We cannot say that the admission of this testimony was harmless. Great weight is ordinarily attached to a declaration made by one conscious of impending death. In fact, it may be doubted if in the minds of an ordinary jury there is ever a statement made to which greater weight is attached than one made under such circumstances. It it quite probable that the jury would have accepted as true the res gestæ statement which was substantially the same, but we do not feel authorized in so holding.

We do not agree with any of the other contentions made by appellant, but, being of opinion that the dying declaration referred to should not have been received, it follows for this error the judgment should be reversed and the cause remanded, and it is accordingly so ordered.

MORROW, P. J., not sitting.