E. C. (PUSS) LOYD V. THE STATE.

No. 21989. Delivered March 11, 1942.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of hog theft, and awarded a term of four years in the penitentiary.

He first complains because the trial court refused to quash the indictment, appellant contending that therein an impossible date is alleged for the commission of the offense. The original indictment is present in the record for our inspection. A portion thereof was a printed form with blanks for the insertion of matters that might be necessary to allege in each particular case, such as for instance the date of the alleged offense, the prepared form bearing a blank for the date of the offense alleged. In order to possibly facilitate the entry of such date there had been inserted in the printing the digits 193____, with a blank following such; the person preparing the pleading on a typewriter struck the figures 41 over a portion of the 3, obliterating all thereof save the upper curve of the three, and such action and failure to wholly obliterate the 3 is the basis of the motion to quash. We are of the opinion from an inspection thereof that according to the accepted rules of writing and reading this date is easily readable and under-

standable as 1941, and the motion to quash was properly overruled.

The next proposition relates to the testimony of Houston White, Sheriff of Hamilton County, wherein it is shown that the witness took a plaster of Paris mold of certain automobile tracks at the hog pen from which it was alleged the hogs were stolen and also compared such tracks with tracks made by appellant's truck, and who stated that such tracks were similar in every way and in no way dissimilar. It seems that there had been a recent rain at the time of the alleged theft, and there were but one set of tracks at said hog pen, and they were clearly marked in the soil. This sheriff then made a mold of such tracks, and took appellant's truck and made certain tracks therewith at or near the tracks at the hog pen from which the hogs were evidently stolen, and he gave his conclusions as to the similarity thereof. It was also shown that certain tires in each set of tracks were smooth and certain other tires evidenced their newness.

In 19 Tex. Jur., p. 384, it is said:

"An ordinary witness who has observed the footprints of a person, or the tracks of an animal or vehicle, may be permitted to identify them in proper case, or to show that they correspond with other prints or tracks made at a different time and place. * * *

"Before a witness will be permitted to express an opinion based on an observation of footprints or tracks, he must show either that he has measured such prints or tracks, or that he has noted certain characteristics peculiar to them. But it is not necessary that he should have done both of these things."

This witness had both of these tracks before him, they were plainly marked, and we think he could give his judgment as to their similarity. See Landry v. State, 35 S. W. (2d) 433; Mueller v. State, 85 Tex. Cr. R. 346, 215 S. W. 93; Freeman v. State, 91 Tex. Cr. R. 410, 239 S. W., 969; James v. State, 86 Tex. Cr. 598, 219 S. W. 202.

Appellant next complains because of the fact that Sheriff White of Hamilton County, having in his possession a capias for appellant's arrest for the herein alleged offense, proceeded over into Coryell County some few miles and there arrested

appellant by virtue of said capias. That upon appellant's request, the sheriff, who was not accompanied by anyone, allowed appellant to go into the house near which the arrest was effected, and that the appellant fled and escaped from Sheriff White's custody. The objection to the introduction of the testimony relative to such flight being that the arrest was illegal, there being no authorization on said capias from a proper judge or magistrate allowing such capias to be executed in Coryell County. We think appellant has misconstrued Art. 223, C. C. P., which reads as follows:

"A warrant of arrest, issued by any county or district clerk, or by any magistrate (except county commissioners or commissioners courts, mayors or recorders of an incorporated city or town), shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State," and has confused the same with Art. 224, C. C. P., relative to warrants issued out of the courts specifically excepted in Art. 223, supra.

A capias is defined by Art. 441, C. C. P. as a writ issued by the court or clerk, and directed "To any sheriff of the State of Texas," commanding him, etc. Art. 453, C. C. P. says: "A capias may be executed by any constable or other peace officer."

We therefore think the arrest of appellant by Sheriff White, who was in possession of a capias therefor, was a lawful one, and appellant's flight and escape from such custody was admissible.

Appellant also complains relative to the court's charge in that it was appellant's contention that he purchased the three hogs alleged to have been stolen from a man who said his name was Poe and paid therefor $26.00, and that he did not know that such hogs had been stolen; and it is appellant's complaint that the trial court failed to charge on this affirmative defense. The trial court did charge the jury in paragraph 8a as follows:

"And should you find from the evidence that the three hogs in question sold by this defendant to the witness Jack Phillips were purchased by him from a stranger who said his name was Poe, or if you have a reasonable doubt thereof, it would be your duty to acquit the defendant."

Appellant insists that the trial court should have gone further and instructed the jury that he could not have been herein convicted of receiving and concealing stolen property in Coryell County.

We do find in paragraph 10 of appellant's objections and exception to the court's charge that the identical paragraph 8a of the charge was requested by appellant and set forth in such objections as a proper charge to be given relative to the appellant's defense. We do not think the trial court was required to give a charge relative to receiving and concealing stolen property in this cause.

The appellant offered in evidence an alibi, and by which he showed his entire presence at all times on the night of January 19,1941, at his home or in the presence of others. In the indictment the date of the alleged theft is fixed as "on or about the 19th of January 1941." Mr. Hibits, the man who lost the hogs, testified that they disappeared on the night of January 19, 1941. Appellant's alibi dealt entirely with the night of January 19, 1941. The court in his charge, and in its first and preliminary paragraph, merely stated that appellant was "charged by indictment duly presented by the Grand Jury of Hamilton County, Texas, with the theft of three hogs, said offense alleged to have been committed in said County and State, on or about the 19th day of January, 1941."

The trial court gave a charge on alibi, stating no date therein, but, after defining the same, concluded:

"Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense was committed, at the time of the commission thereof, you will give the defendant the benefit of such doubt and find him not guilty."

There was no mention made of any date throughout the whole charge other than in the terms of the phrase set forth in the indictment, and we think that under the testimony of Mr. Hibits that his hogs were taken on January 19, 1941, and in the above quoted portion of the trial court's charge the matter of an offered alibi was properly applied by the court.

What we have herein said reaches and disposes of all bills of exceptions found in the record, and they are all overruled.

We note, however, that the trial court failed to observe the indeterminate sentence law in sentencing the appellant. The sentence will therefore be reformed so as to show his sentence to be not less than two years nor more than four years in the State penitentiary, and as thus reformed the judgment is affirmed.